**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2029
_____

LAMAR BROWN,
                                        Appellant

v.

ROBERT SHANNON, Superintendent at Frackville State Prison;
WENEROWICSZ, Deputy Superintendent; A. KOVALCHIK, Deputy Superintendent;
S.K. KEPHAR, Deputy Superintendent, SHARON LUQUIS, Hearing Examiner;
J.A. MIRANDA, Unit Manager; ROSADO, Unit Manager; DUSEL, Captain;
LT. POPSON; MIRARCHI, CO II Sergeant; ALSHEFSKI, Correctional Officer;
ALBERT, Correctional Officer; CORBY; SABO, Correctional Officer,
PETER DAMITTER, Grievance Coordinator
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil Action No. 10-cv-00149)
District Judge:  Honorable William J. Nealon, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2014
Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: May 14, 2014)
_____

OPINION
_____

PER CURIAM

Lamar Brown, a Pennsylvania state prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania granting summary judgment for the defendants in his civil rights action. Brown also seeks review of an order precluding him from filing a second amended complaint. We will affirm the judgment of the District Court.

The record reflects that on January 29, 2008, Brown was issued a misconduct report for refusing to take down a towel that was covering his cell door. Shortly thereafter, Brown was issued a second misconduct report for aggressive behavior while being escorted to the Restricted Housing Unit. Brown was found guilty of misconduct and sanctioned to a total of 90 days in disciplinary custody.

Brown filed a complaint in District Court pursuant to 42 U.S.C. § 1983 claiming that correctional officers used excessive force during the escort by pushing him, tackling him to the ground, and spraying him with oleoresin capsicum (pepper spray) while he was restrained in handcuffs. He sought monetary damages. Brown later filed an amended complaint and attached as exhibits grievance forms related to his excessive force claim and evidence of his appeals related to the finding of misconduct.[1]

---

[1]Brown also raised constitutional claims related to the issuance of the misconduct reports, his disciplinary hearing, and the handling of his grievance. The District Court granted the defendants' motion to dismiss these claims and Brown does not challenge the dismissal on appeal.

2

The defendants filed a motion for summary judgment asserting that Brown had failed to exhaust his administrative remedies with respect to his excessive force claim. In support, the defendants submitted the declaration of Keri Moore, a Grievance Review Officer who reviews appeals at the final level of administrative review. Moore attested that the grievance tracking system showed that Brown had filed two grievances in 2008, neither of which involved the January 29, 2008 incident. Peter Damiter, the person responsible for responding to grievances at Brown's institution, attested that he did not receive a grievance from Brown regarding the January 29, 2008 incident.

Brown responded that he was not required or permitted to file a grievance because his excessive force claim is related to an incident resulting in a misconduct report and that his remedy was under the policy governing inmate discipline. Brown also argued that, even though he was not required or permitted to file a grievance, he tried to use the grievance process. Brown submitted, as he did with his amended complaint, a copy of a grievance dated February 1, 2008 complaining of the use of excessive force, a grievance dated February 11, 2008 seeking to appeal to the Superintendent and stating that he did not receive a response to his February 1, 2008 grievance, and a grievance dated February 25, 2008 seeking to appeal to the final level of administrative review. Brown stated that he did not receive a response from the Superintendent and that he doubted that his February 25, 2008 appeal was received.

3

The District Court concluded that Brown had failed to exhaust his administrative remedies because his allegation of a timely submitted grievance was unsupported and the grievance form dated February 1, 2008 did not reflect that it had been filed. The District Court noted that the form did not include a tracking number, that prison authorities had no record of its filing, and that Brown had produced no evidence showing that the guards mishandled the grievance or his appeals. The District Court also noted that Brown had not exhausted his administrative remedies through his appeals of the finding of misconduct because he did not raise his excessive force claim in those appeals and the appeals were found untimely. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Small v. Camden County, 728 F.3d 265, 268 (3d Cir. 2013).

As recognized by the District Court, the Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies before bringing an action regarding prison conditions. 42 U.S.C. § 1997e(a); Small, 728 F.3d at 268. Under § 1997e(a), a prisoner must properly exhaust such remedies by complying with the prison grievance system's procedural rules. Woodford v. Ngo, 548 U.S. 81, 93-95 (2006); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). Here, those rules required, among other things, the submission of a grievance to the grievance coordinator at the facility where the grievance occurred. See Exhibit C-1 to Summary Judgment Motion.

4

Brown argues that it is unclear whether he was permitted to raise his excessive force claim in a grievance or whether his remedy was through the disciplinary appeal process. We need not decide whether there was any ambiguity in the prison's policies because, as noted by the District Court, the record reflects that Brown did not raise his excessive force claim in his appeal of the finding of misconduct. Thus, even if Brown could have exhausted his administrative remedies through his disciplinary appeals, he did not do so.

Brown also argues that the District Court erred in granting summary judgment because there is a disputed factual issue as to whether he complied with the prison's grievance procedures. As noted above, the defendants submitted declarations establishing that the person responsible for responding to grievances at Brown's institution did not receive a grievance from him regarding the January 29, 2008 incident, and that the Department of Corrections did not have a record of such a grievance. Brown submitted grievance forms to show that he did in fact try to exhaust his administrative remedies.

We conclude that the grievance forms submitted by Brown are insufficient to raise a genuine issue of fact requiring an evidentiary hearing. See Small, 728 F.3d at 271 (holding court may resolve factual disputes on questions of exhaustion). Brown states in his brief that on February 1, 2008 a correctional officer picked up his grievance, that he saw the officer place it in the grievance box, and that Peter Damiter collected grievances

5

from the box the next day. Brown, however, does not point to an affidavit or any other evidence of record supporting these assertions.

Brown also recognized in his brief in opposition to the summary judgment motion that an inmate usually receives a return copy of a grievance from the grievance coordinator within one to two days of submission, but the record does not reflect that he asked about the fact that he did not receive a return copy, which would have provided a tracking number and proof that he did in fact submit his grievance. The defendants also submitted evidence showing that one of the grievances the prison did receive from Brown in 2008 was rejected because he had falsified the date in order for the grievance to appear timely. Ex. C-2 to Summary Judgment Motion. We hold that summary judgment was warranted under the circumstances of this case.

Finally, Brown appeals a District Court order declining to set aside a ruling deeming his motion for leave to file a second amended complaint withdrawn. The record reflects that Brown filed his motion after the defendants had answered his amended complaint. The District Court deemed the motion withdrawn because Brown had not filed a supporting brief as required by the court's local rules. Almost three months later, Brown moved the District Court to set aside the order. Brown stated that correctional officers had confiscated the brief because he had refused to show it to them. In denying Brown's motion, the District Court stated that it appeared that Brown's own conduct was

6

the cause of his failure to timely file a brief, that Brown had waited three months to notify the court, and that it was not clear that a properly-filed motion would have been granted.

Brown moved to set aside the District Court's order pursuant to Federal Rule of Civil Procedure 60(b) and the District Court evaluated the motion under Rule 60(b)'s standards. Rule 60(b) is inapplicable because Brown did not seek relief from a final judgment. See Fed. R. Civ. P. 60(b). Brown, however, suffered no prejudice in not being able to file his proposed second amended complaint. The record reflects that Brown sought to revise his due process claim, which had been dismissed, add factual allegations regarding injuries suffered as a result of the January 29, 2008 incident, and add as a defendant a correctional officer identified in the defendants' answer as being part of the escort team. As explained in the District Court's order granting the defendants' motion to dismiss, Brown's sanction did not implicate a protected liberty interest and he does not have a viable due process claim. For the reasons stated herein, Brown is unable to pursue his excessive force claim.

Accordingly, we will affirm the judgment of the District Court.

7